RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/7/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANK BOATSWAIN | CIVIL ACTION NO. 1:12-CV-388 |
| VERSUS | JUDGE DRELL |
| RICARDO MARTINEZ | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Robert Wayne Warren, filed the above-captioned *Petition for Writ of Habeas Corpus* on February 8, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Pollock, Louisiana. He is attacking a disciplinary conviction that resulted in the loss of good time.

The petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order of the Court.

### Background

Petitioner was convicted by a Disciplinary Hearing Officer (DHO) on November 18, 2009, of violating Code 297, Use of the Telephone for Abuses Other than Criminal Activity, and Code 331, Possession of a Non-Hazardous Tool. Specifically, an investigation that concluded on October 28, 2009, revealed that, on October 5, 2009, staff intercepted a package of incoming mail that contained ten pouches of tobacco and two packs of cigarettes. It was discovered that Petitioner had talked in code on the telephone on October 3, 2009, instructing a female on how to send the

contraband. Petitioner gave a statement and admitted that he had done this twice in the past. Petitioner was found guilty of the violations after a hearing on November 4, 2009.

Petitioner appealed the disciplinary conviction and loss of good time, but his appeals were denied. He then filed the captioned suit in this Court.

### Law and Analysis

Petitioner complains his constitutional rights were violated in that good time was taken from him without timely notice of the disciplinary charge. That is, he claims that he did not receive notice of the charge within twenty-four hours of the staff becoming aware of his involvement in the incident and/or within twenty-four hours of Petitioner admitting to wrongdoing. He also complains that the Unit Disciplinary Committee failed to meet with him within 72 hours of the delivery of the incident report, and that he was convicted of the "wrong offense code".

In order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

2

I.  **Receipt of Incident Report (Notice)**

Petitioner's first complaint has to do with the issuance of the incident report. He argues that the report is required to be delivered to the inmate within 24 hours of the time that the staff becomes aware of the prisoner's involvement in the incident. Petitioner argues that the staff became aware of Petitioner's involvement on October 22, 2009, when Petitioner admitted to the allegations during an interview. Thus, Petitioner believes his due process rights were denied because he did not receive the incident report until October 28, 2009.

> BOP policy provides as follows:
>
> The discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will ***ordinarily*** receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

28 C.F.R. §541.5(a)(emphasis added)[1]. There is no provision stating that the incident report *must* be provided within the twenty-four hour time frame. Even in the context of a criminal prosecution, where defendants are entitled to greater due process protection, delay in bringing charges does not violate due process,

---

[1] This version became effective June 20, 2011. However, the prior version is substantively the same: " ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. §541.15(a).

unless the delay, in addition to prejudicing the accused, was intentionally brought about by the government for the purpose of gaining some tactical advantage over the defendant, or for some other bad faith purpose. See Smith v. Reese, 2008 WL 321631 (S.D.Miss. 2008)(citing U.S. v. Crouch, 84 F.3d 1497, 1514 (5th Cir. 1996) (en banc ). Petitioner has not alleged that he was prejudiced by the delay or that the officers acted with some bad faith or tactical purpose. See Simpson v. Ortiz, 995 F.2d 606, 609 (5th Cir. 1993)(holding that habeas relief is not available unless the petitioner shows he was prejudiced as a result of the alleged violation). In fact, Petitioner does *not* deny that he committed the acts of which he was accused and convicted. Most importantly, Petitioner **was** provided a copy of the written notice more than 24 hours before the disciplinary hearing, which **is** constitutionally required by Wolff v. McDonnell, 418 U.S. 539 (1974).

## II. Meeting with Unit Discipline Committee (UDC)

Petitioner alleges that his due process rights were also violated when he did not receive a meeting with the UDC within 72 hours of receiving the incident report. Instead, he states that the meeting was five days later. The prior version of the regulation at issue[2] provided that the hearing would be before the

---

[2] The current version of 28 C.F.R. §541.7(c) provides that the UDC will **ordinarily** review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays. (Emphasis

4

UDC **_ordinarily_** ... within three work days from the time staff became aware of the inmate's involvement in the incident. See former 28 C.F.R. § 541.15(b). Again, the regulation says that this is **_ordinarily_** the time frame in which the meeting would take place. To go beyond that time frame does not automatically amount to a constitutional deprivation. In fact, the BOP's failure to comply with its own regulations does not necessarily state a constitutional claim. See Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989) (failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)). Petitioner did receive a disciplinary hearing, and he has not alleged that he was denied an opportunity to be heard. Nor has Petitioner made any allegations of prejudice as a result of a two day delay in conducting his hearing.

### III. Code Violations

Petitioner next argues that the disciplinary code violations for which he was convicted are inapplicable to the acts he committed. He specifically alleges that he should have been charged with a code 397 violation instead of a code 297 violation because he did not speak in code on the telephone. He spoke "in plain English." Likewise, he claims that code violation 331 is inapplicable because he never actually possessed contraband - the

---

added.)

contraband intercepted by prison officials. Petitioner was convicted of the prohibited acts of Phone Abuse, Non-Criminal (Code 297) and Possession of a Non-Hazardous Tool (Code 331).

It does not appear that Petitioner raised the issue of the 297 violation in his administrative appeals. That claim is not exhausted. However, even if it was, the claim would fail. The incident report states that petitioner said on the phone: "Cause I wanna show you how to um, do it.... He told you about the yellow thing? Five and five?", and "What you get five meth and five reg?" He admitted that he was referring to tobacco and menthol and regular cigarettes. As stated above, there only needs to be "some evidence" to support the ruling. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The statement of the Lieutenant and the phone transcripts constitute "some evidence." Moreover, Petitioner admits that he asked the person on the phone to send him tobacco products.

Petitioner claims that 331 is inapplicable because he never actually possessed contraband - the contraband was intercepted by prison officials. However, 28 CFR 541.3³ provides that a 331 violation includes "Possession, manufacture, **introduction**, or loss of a non-hazardous tool, equipment, supplies, or other

---

³In 2009, this section was number 541.13, but the text of Code 331 was the same.

non-hazardous contraband (tools not likely to be used in an escape or escape attempt, or to serve as a weapon capable of doing serious bodily harm to others, or not hazardous to institutional security or personal safety) (other non-hazardous contraband includes such items as food, cosmetics, cleaning supplies, *smoking apparatus and tobacco in any form* where prohibited, and unauthorized nutritional/dietary supplements)." (Emphasis added.) There is "some evidence" in the record to support the conviction, especially Petitioner's admission that he did have someone mail the contraband to him. He caused the contraband to be introduced to the facility, where it was intercepted.

Based on the petition, it is evident that Petitioner received all the process that was due to him for the disciplinary conviction.

### *Conclusion*

Therefore, it is **RECOMMENDED** that the Petition be **DENIED** and **DISMISSED** with prejudice for failing to state a claim for which relief can be granted.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 7th day of May, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE